## H. F. & E. D. CRADDOCK v. JOHN SCARBOROUGH.

(Case No. 576.)

1. MOTION TO SUBSTITUTE JUDGMENT — PRACTICE.— See statement of case for motion to substitute a judgment which had been destroyed, held sufficient under the act of April 14, 1874.
2. SUBSTITUTION OF JUDGMENT.— A motion to substitute a destroyed judgment of the district court alleged that it was affirmed in the supreme court against the judgment debtors and their sureties; *held* error to substitute the judgment against the sureties on the appeal bond, they not having been cited to answer, and no judgment against them being prayed for.
3. FACT CASE.— See opinion for application of the maxim, "*De minimis non curat lex.*"

APPEAL from Trinity.   Tried below before the Hon. L. W. Cooper.

Proceeding under the statutes regulating the substitution of lost papers and records.   John Scarborough filed his motion to substitute a judgment which he had obtained at the February term, 1872, of the district court of Trinity county against H. F. & E. D. Craddock, which he alleged had since been destroyed by fire.   From that judgment the Craddocks had appealed to the supreme court; it was there affirmed, and judgment rendered against R. D. Crow and George Gibson, sureties on the ap-

peal bond, for the amount adjudged against the appellants and all costs of the appeal, which was ordered to be certified below for observance. The motion for substitution was filed May 29, 1874; it prayed for citation against the defendants, H. F. & E. D. Craddock, and that the judgment, which, the motion alleges, was rendered for $696.80, "may be entered *nunc pro tunc*, and in all things may be entered anew upon the proper records" of the district court of Trinity county; and for general relief. The defendants (the Craddocks) appeared and answered by general demurrer and the general issue. The court overruled the demurrer, and disposed of the merits of the case without a jury, rendering judgment as follows, to wit:

"It appearing to the court that this cause was appealed to the supreme court by the defendants; it further appearing to the court that the mandate from the supreme court is now on file affirming the judgment heretofore rendered by this court in this cause; it further appearing to the court that the defendants, H. F. Craddock and E. D. Craddock, gave their appeal bond with R. D. Crow and George Gibson as sureties: It is therefore ordered, adjudged and decreed by the court, that the plaintiff John Scarborough do have and recover of H. F. & E. D. Craddock, R. D. Crow and George Gibson the sum of six hundred and ninety-six dollars and ninety cents, with eight per cent. interest per annum on said sum of six hundred and ninety-six dollars and ninety cents, from and after the 29th day of February, A. D. 1872, and for all costs of suit in this behalf expended, for which execution may issue."

There is no statement of facts or bill of exceptions. The Craddocks, and R. D. Crow and George Gibson prosecuted a writ of error, and assigned as error as follows:

1. The court erred in overruling defendants' exceptions to plaintiff's petition.

2. The court erred in rendering judgment for an amount in excess of former judgment.

3. The court erred in rendering judgment against the defendants Crow and Gibson.

4. The court has not substituted the judgment as it formerly existed.

*Nunn & Williams*, for appellant.

*Harris & Masterson*, for appellee.

WALKER, COMMISSIONER.— The court properly overruled the general demurrer to the motion to substitute the judgment. The motion was a full and sufficient compliance with the statutes. Section 2 of "an act to provide for the supplying of lost records in the several counties of this state," which was approved and took effect April 14, 1874 (Acts 14th Leg., p. 100), provides in terms "an additional" mode of proceeding to any other which then existed, by law, for establishing the existence of lost or destroyed records, and the contents thereof. Arts. 4969 and 4970, Paschal's Digest, also provided (Acts of 1850) the remedy and proceedings to give effect to it, on the same subject, as the act of 1874 above referred to. The motion was, perhaps, quite sufficient under either of these laws, but plainly so under section 2 of the act of April 14, 1874.

The second ground of error is not well taken. It is true that it appears that the judgment rendered was ten cents in excess of the judgment described in the petition; but the evidence may have corresponded with and warranted the increase of the alleged amount to the extent of the ten cents referred to. There being no statement of facts, every intendment will be made in support of the judgment.

The plaintiff was entitled to show by proof the true amount of the judgment and to have the substitution made in conformity therewith, so long as the proof was confined to the particular judgment described in his petition, and no other. The question here presented is not

one of variance between allegation and proof. As a question, however, of mere excess, the convenient answer to this assignment is, that the law will not notice a matter so trifling. "*De minimis non curat lex.*"

The third and fourth assignments may be considered together. No other objection to the judgment under them is perceived, except that which is specified in the third assignment, and the objection which, as a consequence, would exist to the formal parts of the judgment, if the third assignment is in fact well taken.

We are of opinion that the court erred in rendering judgment against Crow and Gibson. The motion laid no basis for such, nor did it ask for it, nor were they cited to answer the motion. The judgment must follow the petition; held, in Bell *v.* Vanzandt, decided by supreme court, Tyler term, 1880, that judgment in favor of the executrix and the heirs of the deceased testator who were named in the judgment, where she was the only plaintiff named in the petition, was erroneous, and the judgment was reversed. This proceeding has only the specific object of substituting, *as they once existed*, papers and records which have been destroyed, not to ask for new remedies or to make any substantial changes in the forms; far less, the substance of such records.

The motion alleged and described a judgment in the district court against the defendants to the plaintiff's suit; that it was affirmed in the supreme court against them and their sureties; but it did not allege that the judgment, as it was thus affirmed, was rendered afterwards by any formal entry on the minutes of the district court, in pursuance of the judgment of the supreme court. On the contrary, the motion negatives the past existence of any such record; it alleges that the judgment of the supreme court was certified to the district court, and does not indicate that any further proceedings in the district court were had upon the mandate referred to. No further

action by the district court was necessary, nor has the practice in the district courts of the state been to render judgments upon the affirmance made by the supreme court of their judgments. Art. 1571, Pasch. Dig., provides that when the supreme court shall affirm a judgment, it shall render judgment against the appellant or appellants, and his or their securities in the appeal bond, "and that such judgment shall be final, and shall not require any order, decree or action, on the part of the district court from which the cause was removed; and the clerks of the various district courts, on the receipt of the mandate of the supreme court in any such case, shall proceed to issue execution thereon, as in other causes."

The proceeding was not intended to cause a substitution to be made of the judgment thus rendered by the supreme court, nor of the mandate; the judgment which was rendered should have conformed to the judgment which was originally rendered by the district court, as it stood upon the minutes when it was rendered, and it was error to have rendered the judgment otherwise.

There being no statement of facts in the record, the supreme court has no means whereby to determine what evidence was adduced on the trial below, otherwise, if the proof showed sufficiently the contents of the judgment which was destroyed, the judgment could be reformed in the supreme court and such judgment rendered as ought to have been rendered by the district court. Therefore, for the error which we have indicated, the judgment ought to be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]